# UNITED STATES DISTRICT COURT

__NORTHERN__ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

v.

DAVID P. PRICE,
CHERI A. CURRENT, and
JEFFREY J. ADOLFINO

(Name and Address of Defendant)

**FILED**

MAR 3 1 2005

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

MAGISTRATE JUDGE NOLAN

**CRIMINAL COMPLAINT**

CASE NUMBER:

**05CR0296**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Beginning at least in or about March 2005, and continuing until on or about March 30, 2005, in the __Northern__ District of __Illinois,__ defendants did,

conspire with each other knowingly and intentionally to possess with the intent to distribute a controlled substance, namely, approximately 500 pills containing MDMA, a Schedule I Controlled substance.

in violation of Title __21__ United States Code, Section(s) __846__.

I further state that I am a(n) __Special Agent, Drug Enforcement Administration__ and that this complaint is based on the following
Official Title

facts:

See attached affidavit

Continued on the attached sheet and made a part hereof: __X__ Yes ____ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

__March 31, 2005__       at   __Chicago, Illinois__
Date                                City and State

__Nan R. Nolan, United States Magistrate Judge__
Name & Title of Judicial Officer           Signature of Judicial Officer

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF COOK | ) |

## AFFIDAVIT

I, Patrick Bagley, being duly sworn on oath, state as follows:

1. I am a Special Agent with the Drug Enforcement Administration and have been so employed for approximately 8 ½ years. I have received training in narcotics organizations and their structure, the use of confidential informants, operating as an undercover agent, and other investigative techniques.

2. This affidavit is based on my personal knowledge and on information from other federal, and local law enforcement personnel. This affidavit is being submitted in support of a criminal complaint against JEFFREY J. ADOLFINO; DAVID P. PRICE; and CHERI A. CURRENT. I have not included every fact known to me concerning this investigation. I have set forth only facts that I believe are sufficient to establish probable cause to believe that JEFFREY J. ADOLFINO; DAVID P. PRICE; and CHERI A. CURRENT committed the offense set forth in the attached complaint.

3. A cooperating informant ("CI") identified PRICE as a source of Ecstasy. On March 21, 2005, in the afternoon, DEA agents and task force officers recorded a conversation between the CI and PRICE, where they discussed obtaining 300 pills of ecstasy and the price of the transaction. On March 28, 2005, the CI and PRICE had a face to face meeting where the CI recorded the conversation with a hidden audio recorder. Based on what the CI reported from this conversation, PRICE gave the CI a price of $15 per pill. Price also told the CI he could get the CI 400 pills. PRICE said the pills would be coming from a female whom PRICE did not name.

1

4. On Tuesday, March 29, 2005, PRICE called the CI to inform the CI that the unnamed female had the pills and was ready to complete the transaction. The CI responded that the CI was unable to complete the transaction on this date. On the morning of Wednesday, March 30, 2005, PRICE and the CI spoke again. PRICE this time offered 500 pills at the same price of $15 per pill. The CI responded that it was short notice, but that the CI would get the money together and bring the additional pills to the transaction.

5. During the late morning and early afternoon Wednesday, March 29, 2005, PRICE and the CI spoke over a Nextel direct connect mobile call about the pending transaction and where it would take place. PRICE suggested the local bar where he was currently at in Rockdale, IL, but the CI responded that the CI was unwilling to complete the transaction in a bar. PRICE said that an unnamed female was there at the bar with him, and was ready to complete the transaction then. After approximately one hour of discussing where the transaction would take place, PRICE and the CI agreed that a black BMW would deliver the pills shortly to the CI's location in a hotel parking lot in Joliet, IL. At approximately 2:00pm, prior to this final call between PRICE and the CI, I saw a red Dodge pickup belonging to PRICE and a black BMW in the bar parking lot. At approximately 2:15 pm, following this call, I noticed that the black BMW had left the bar parking lot.

6. Prior to the CI heading to the hotel parking lot in Joliet, IL, the CI and the CI's vehicle were searched and the search revealed no contraband. At the hotel parking lot, the black BMW pulled up next to the CI's vehicle. Both vehicles then backed up, and the CI's car followed the black BMW. At this point, the CI called me and stated that the driver of the black BMW wanted to complete the transaction on the other side of the hotel. The two cars then drove to the back side of the hotel and parked side by side. The CI then got out of his car and entered the black BMW. The

2

CI exited the black BMW approximately one minute later without the pills, and called me to state that the CI had seen the pills in the car in a plastic bag.

7. Agents then surrounded and arrested JEFFREY J. ADOLFINO as the driver. Inside the vehicle, in a white plastic bag, were 5 clear plastic bags, each of which appeared to contain 100 MDMA pills. ADOLFINO was arrested and read his rights. He stated that his instructions were to deliver the pills, obtain $7,500, and deliver the money back to the bar.

8. The other agents and I then returned to the bar in Rockdale, Illinois at approximately 3:00pm. PRICE was sitting at the bar next to a blond female. The agents had already identified PRICE through the CI, arrested PRICE, and led PRICE outside where PRICE was read his rights. I then asked PRICE who the female was sitting beside him in the bar. PRICE responded that her name was CHERI (CHERI A. CURRENT), and that she had been the one who set the whole deal up. I next asked who was driving the black BMW. PRICE responded that he did not know, that CURRENT had called him, and that this man (ADOLFINO) showed up a short time ago.

9. The agents returned inside the bar at about 3:10pm and arrested CURRENT. CURRENT was transported to the Oaklawn Police Department and read her rights. CURRENT, during an interview, stated, among other things, that she was put in contact with PRICE through a mutual friend. According to CURRENT, PRICE told her that PRICE needed approximately 300 ecstasy pills. CURRENT said she then called her uncle ADOLFINO, and that he said he could get the pills.

10. Samples from the 500 pills seized in the transaction tested positive for MDMA.

*[signature]*

PATRICK BAGLEY
Special Agent
Drug Enforcement Administration

Subscribed and sworn to before
me this 31st day of March, 2005.

*[signature]*

NAN R. NOLAN
United States Magistrate Judge

4